The next case on the calendar is Belovic v. Stop & Shop. Why don't you wait just a moment, Ms. Belovic, for that podium a little bit, and then we'll be able to hear you better. Thank you. Thank you. First of all, I want to say that I'm not so fluent in English, but I worked for Stop & Shop for 12 years, and they were satisfied. At normal retirement age, it was 60 under the plan. They did not give me pension. They denied my pension. First to say, my pension plan is ERISA plan, defined benefits plan, as amended, effective January 1, 1989. Under the Employee Retirement Income Security Act of 7429 USA Code 1001, pension plans are classified as either defined contributions plans or defined benefits plans. First one, defined contribution plan provides individual account for each participant, and benefits are based solely upon the amount contributed to that account by participant or employer. It is 29,000 to 34. Under such account, employee bears the investment risk, and employer does not guarantee retirement benefits to employee. It is not my account, my plan. My plan is defined benefits plan. It is under section 29 USC 1002-35. The participant is entitled to set in benefits upon retirement, and employer's contribution is adjusted whatever level is necessary to provide those benefits. I read Nachman Corporation, Visa Pension Benefit Guarantee Corporation, 441 USA 359, 1980. Such a plan, to say benefits defined plan, consists of a general pool of assets rather than individual account. There I wrote huge aircraft company, Visa Jacobson, 1999. Under such a plan, members have a right to set in defined level of benefits known as accrued benefits. One of RISA primary purpose is to protect contractually defined benefits as it is visible in Massachusetts Mutual Life Insurance Company, Visa Russell, 85. I read that Congress wanted to make sure if a worker has been promised a defined benefit plan upon retirement, and if he has fulfilled whatever conditions are required to obtain vested benefits, he actually will receive that. I attained normal retirement date, 60, it was under the plan, in 1997. Just to make sure I understand your work dates correctly, Ms. Belovich. Yes. You worked at Edwards Superfood from 1989 to 1997. That would be seven years and nine months. No. I tell you, I worked for the first national supermarket from 1989 under collective bargain agreement, which was from July 1st, 1988. That means I worked for first national supermarket seven years, first national supermarket. Ms. Belovich. First national supermarket. First supermarket, first national merged into United Food and Commercial International Group. Ms. Belovich, may I tell you what my problem is? That the arguments you are making to us were also made earlier to another court, and the court ruled against you. While the defendant that you are suing now is different, we have limits on what we can do. We cannot decide a fact question different from what the earlier court . . . It had to decide whether you were covered by the plan, and to do that, it had to decide the issues you are putting to us now. My question is, how can I, when I am bound by the findings of that court, now say it is different? Your argument may be right, but I'm not sure that we have any power to do anything about it. Okay, can I say, Honorary Judge? My first case involves claim for statutory violation of ERISA, and not for claim for benefits due under the terms of United International Union, Future Service Plan. Why I wanted documents? Because my benefits are denied at normal plans pension date 1997, when I reached 60. If you reach normal retirement date, it was nine years, not seven years, as they calculated. They had a retail store, was not qualified plan. They have 25 years, you must work 25 years to have pension. On January 1st, 1989, there was a difference. ERISA was, I'm sorry, 86 was date when change happened in vesting service. So there you come. Ms. Glovich, I'm familiar, your brief makes this point, and I'm familiar with that change. And we will look very carefully to see if those changes, as my colleague said, make, we have a first problem. Is this the same case as was brought before? And we will look very carefully at your explanations as to why it is not. And thank you very much for making your argument today. Thank you. Yes, but I'm not sure that you understand my case. International Union had constitution which says if you work in International Union according International Union plan, it is enough to work five years, and my pension was processed. Processed, and they informed me, you will have pension next week. But local union told she did not work after 1st January, 1989. But I work only that period 12 years. And I hold, it is stop and shop, 12 years. He is employer. First come first national supermarket, Edwards is closed, and came stop and shop. After that, stop and shop bought. I continue to work. I have any day interruption in service. We understand, and the argument that we should be able to take that time after you left the seven-year employment to No, I did not left. It is the same. Same employer. Yes, same employer. Thank you. And we are going to look very closely at whether that argument was made in the earlier case, and make sure what our legal authority is today, and we will take all your arguments and your briefs and very under careful consideration. Thank you so much for your arguments. Thank you. Thank you. Can I ask you when I can expect decision to say? We will take it under submission. We want to look at it carefully. Thank you. Thank you. Thank you very much. Thank you. Thank you. Thank you. Thank you.